UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| GEORGE GHOBRIAL | : | Civil Action No. 11-2023 (ES) (CLW) |
| Plaintiff, | : | **OPINION** |
| v. | : |  |
| PAK MANUFACTURING, INC. | : |  |
| Defendant. | : |  |

**WALDOR, UNITED STATES MAGISTRATE JUDGE**

Pending before this Court is plaintiff George Ghobrial's ("Plaintiff") Motion for Leave to Amend Plaintiff's complaint ("Complaint" or "Compl."). (Docket Entry No. 16, "Motion to Amend"). Defendant Pak Manufacturing, Inc. ("Defendant" or "PAK") opposes Plaintiff's Motion to Amend. The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiff's Motion to Amend and decides this matter without oral argument under Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's Motion to Amend is GRANTED.

## I. Background

The following facts are drawn from the Complaint, the proposed first amended complaint ("First Amended Complaint" or "First Amended Compl."), and the motion papers, and are construed in a light most favorable to the Plaintiff.

Defendant produces surgical instruments used for placing orthopedic implants in the human body.  Plaintiff was employed by Defendant as a machine operator from August 2008 until October 2009.  (Compl. at ¶1).  Plaintiff received a salary of $49,000 per year as a machine operator.  During his employment, Plaintiff was required to work for Defendant in excess of forty (40) hours per week.  (Id. at ¶5).  Plaintiff entered when he began and when he ceased working for Defendant by entering his employee code on an electronic time clock.  (First Amended Compl. at ¶9).  Throughout the employment period, Plaintiff was compensated through a weekly wage that did not include payment for overtime hours in excess of forty hours per week. (Compl. at ¶ 2-3).

On February 24, 2011, Plaintiff filed a complaint against Defendant in the Superior Court of New Jersey, Hudson County, alleging violations of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201, *et seq.*  On April 8, 2011, Defendant removed the matter to this Court based on federal question jurisdiction.  (Docket Entry No. 1).

On May 3, 2011, Alan Krumholz, Plaintiff's former counsel, filed a motion to withdraw as counsel.  (Docket Entry No. 7).  On June 22, 2011, the Honorable Esther Salas, U.S.D.J., entered an Order relieving Mr. Krumholz as counsel and requiring Plaintiff to obtain new counsel by July 11, 2011.  (Docket Entry No. 10).  On July 5, 2011, Eric B. Bailey entered an appearance on behalf of Plaintiff.  (Docket Entry No. 11).

Once retained, Plaintiff's counsel undertook his own investigation into the underlying facts of the case and, in so doing, became aware that Defendant engaged in additional allegedly violative conduct.  (Motion to Amend at 1).  Specifically, when preparing responsive documents

to Defendant's Requests for the Production of Documents, Plaintiff informed Mr. Bailey that, while employed by Defendant, Plaintiff complained orally to his supervisor or a company executive that he was misclassified by the company as a wage employee and that he should be paid hourly for the work he was performing. Id. at 2. Plaintiff alleges that one week after lodging his complaint, he was terminated from Defendant's employ. Id. As such, Plaintiff's counsel contends that the rationale given for the termination of Plaintiff's employ at PAK was a pretext for retaliatory discharge based upon Plaintiff's request to be paid as was proper under the law. (First Amended Compl. ¶14).

On November 22, 2011, Plaintiff filed the instant motion requesting leave to file a First Amended Complaint. In the proposed First Amended Complaint, Plaintiff seeks to: (1) identify the NJWHL and FLSA claims using separate counts[1] and (2) assert an individual claim for retaliation under the FLSA. On December 5, 2011, Defendant filed a brief in opposition (Docket Entry No. 17, "Def.'s Opp. Br.") and, on January 16, 2012, Plaintiff filed his reply brief (Docket Entry No. 18, "Pl.'s Reply Br.").[2]

---

[1] Defendant does not seem to object to Plaintiff's identifying the distinct claims in separate counts. Instead, the bulk of its objection focuses on the retaliation claim under the FLSA. Thus, the Court need not engage in further discussion of this amendment. Plaintiff's request to identify the NJWHL and FLSA claims in separate counts is granted.

[2] On January 19, 2012, Defendant filed a letter requesting that the Court not consider Plaintiff's reply brief because it was not filed within the time constraints established in Local Civil Rule 7.1. (Docket Entry No. 19). Local Civil Rule 7.1(d)(3) provides that "a reply brief . . . must be filed with the Clerk at least seven days prior to the motion day." Plaintiff's Motion to Amend was returnable on December 19, 2011. Therefore, Plaintiff's reply brief was to be filed and served on December 12, 2011. Instead, Plaintiff's reply brief was not filed until January 16, 2012. However, this Court asked Plaintiff to file a reply brief after the deadline to file said brief lapsed. The Court thus informally granted Plaintiff an extension to file his reply brief. Accordingly, Defendant's request that this Court not consider the reply brief for purposes of the Motion to Amend is denied.

**II.     Discussion.**

    **A.  Legal Standard**

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleadings with court's leave when justice so requires.  Leave to amend pleadings is to be freely given.  FED. R. CIV. P. 15(a)(2).  The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).  However, leave to amend may be denied where there is:  (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of amendment, or (5) futility of amendment.  Foman, 371 U.S. at 182.  The burden is generally on the party opposing the amendment to establish that the amendment should not be permitted.  Id.  Here, the Defendant opposes Plaintiff's Motion to Amend on the basis of undue delay, prejudice, and futility of the retaliation claim.  (Def.'s Opp. Br. at 8).

    **B.  Undue Delay and Undue Prejudice**

With regard to undue delay and bad faith, the Court of Appeals for the Third Circuit has stated:

> [t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party.  The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not

> amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants.

<u>Adams v. Gould, Inc.</u>, 739 F.2d 858, 868 (3d Cir. 1984) (internal citations and quotation marks omitted); <u>see</u> <u>also</u> <u>Cuerton v. NCAA</u>, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner" and the issue of prejudice focuses on hardship to the nonmovant if the amendment is permitted).

Defendant argues that Plaintiff's Motion to Amend should be denied because it was not timely filed and will cause Defendant undue prejudice. (Def.'s Opp. Br. at 7). First, from its inception, both Plaintiff's former and current counsel were familiar with the facts of this case but failed to allege a claim for retaliation. <u>Id.</u> To that end, Defendant contends that Plaintiff was in possession of the alleged information giving rise to the retaliation claim and thus could – and should – have asserted it in his original Complaint. <u>Id.</u> At the very least, Defendant argues that Plaintiff could have asserted the claim in July when new counsel was retained. Second, Defendant states that the instant filing fails to comport with the pretrial scheduling order dated August 1, 2011 requiring that all motions to amend be returnable no later than October 31, 2011. <u>Id.</u> Pursuant to said scheduling order, Plaintiff's Motion to Amend had to be made by September 23, 2011. However, Plaintiff did not file his letter requesting leave to amend until October 20, 2011. Lastly, Defendant believes that granting the Motion to Amend will prejudice Defendant as it will need to file an Answer and engage in continued discovery with respect to the new cause of action. <u>Id.</u> at 8.

The Court finds that Plaintiff's delay in amending his pleading is not unduly late or likely to cause undue prejudice to Defendant. Plaintiff's counsel has represented that he did not learn of the facts giving rise to the retaliation claim until October 2011 and, once discovered, promptly

requested leave to file the instant motion.  Accordingly, any delay in filing is *de minimis*.  See Nesselrotte v. Allegheny Energy, Inc., No. 06-01390, 2007 WL 3147038 (W.D.Pa. Oct. 25, 2007) (finding "the four-month gap between the time that the Defendants learned of Plaintiff's conduct establishing the basis for their affirmative defense and counterclaims" reasonable); E.E.O.C. v. Hussey Copper Ltd., No. 08-809, 2009 WL 918298 (W.D.Pa. Apr. 2, 2009) (finding a six-week gap before filing the motion to amend reasonable).  Furthermore, the Motion to Amend was filed nine months after the commencement of the action and less than five months after Plaintiff obtained new counsel.  The Third Circuit has held that a period of several months from the commencement of the action to the filing of a motion for leave to amend is not, on its face, presumptively unreasonable.  See Arthur v. Maersk, Inc., 434 F.3d 196, 205 (3d Cir. 2006) ("Without discounting the expense involved in litigating a case for [several] months, only one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year."); Antoine v. KPMG Corp., No. 08-6415, 2010 WL 147928 (D.N.J. Jan. 6, 2010) (allowing plaintiffs to amend their complaint even though plaintiffs' counsel knew of facts that would support their claim for over five months).

Moreover, the Court cannot find that the late amendment has "become 'prejudicial,' placing an unfair burden on the opposing party."  Adams, 739 F.2d at 868.  Defendant argues that allowing the amendment would require Defendant to file an Answer and engage in additional discovery.  (Def.'s Opp. Br. at 8).  However, discovery is just underway and the parties have not yet taken any depositions.  Thus, any additional discovery that might be necessitated by the addition of the retaliation claim is negligible.  In addition, no trial date is currently pending, nor have dispositive motions been filed.  Accordingly, neither undue delay nor undue prejudice supports preclusion of the proposed amendment.

### C. Futility

Defendant also argues that amendment should be denied on the basis of futility. An amendment to a pleading is futile if it fails to state a claim upon which relief may be granted or advances a claim that is legally insufficient on its face. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citing In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 400 (3d Cir. 2007)). The standard for evaluating futility is "the same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Thus, the court must take all pleaded allegations as true and view them in a light most favorable to the non-moving party. Winer Family Trust v. Queen, 503 F.3d 319, 330-31 (3d Cir. 2007). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" Duran v. Equifirst Corp., No. 09-03856, 2010 WL 918444, *2 (D.N.J. Mar. 12, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In essence, the facts alleged must be sufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). See Fowler v. UMPC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

While a pleading attacked by a Rule 12(b)(6) motion to dismiss need not contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S.Ct. at 1964-65 (internal citations omitted). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.; see also FED. R. CIV. P. 8(a)(2).

Defendant argues that Plaintiff's retaliation claim would be futile because Plaintiff failed to establish that he participated in protected employee activity as defined by the FLSA. (Def.'s Opp. Br. at 8). The FLSA makes it unlawful for an employer:

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). To establish a prima facie case of retaliatory discrimination under the FLSA, the plaintiff must show that: (1) the plaintiff engaged in protected employee activity; (2) the employer took an adverse employment action against the plaintiff either after or contemporaneous with the plaintiff's protected activity; and (3) there was a causal link between the plaintiff's protected action and the employer's adverse action. Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007). See Barnello v. AGC Chemicals Americas, Inc., No. 08-3505, 2009 WL 234142, at *6 (D.N.J. Jan. 29, 2009) (quoting Scholly v. JMK Plastering, Inc., No. 07-4998, 2008 WL 2579729, at *3 (E.D.Pa. June 24, 2008)).

Defendant objects to the addition of a retaliation claim on two grounds. First, Defendant argues that Plaintiff's proposed amendment would be futile because his allegation that he verbally complained to his supervisors about his alleged misclassification as a salaried employee is insufficient to establish a viable FLSA retaliation claim.[3] (Def.'s Opp. Br. at 9). In support of this argument, Defendant relies on Third Circuit case law from 2010. See Edwards v. A.H. Cornell and Son, Inc., 610 F.3d 217, 224 (3d Cir. 2010). However, the Supreme Court recently held that a verbal complaint may serve as a basis for a FLSA retaliation claim where it is

---

[3] Because this Court must take all Plaintiff's pleaded allegations as true, Winer Family Trust v. Queen, 503 F.3d 319, 330-31 (3d Cir. 2007), the Court accepts Plaintiff's pleaded allegations of the events. In so doing, the Court acknowledges that Defendant denies that Plaintiff ever made the complaint he describes. However, at this juncture, the Court is not tasked with resolving this factual dispute.

8

"sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." Katsen v. Saint-Gobain Performance Plastics Corp., --- U.S. ----, 131 S.Ct. 1325, 1329, 179 L.Ed.2d 379 (2011).[4]

Moreover, courts in this Circuit, in interpreting Katsen, have held that unofficial, oral complaints to an employer are sufficient to show participation in protected activity. See Deeley v. Genesis Healthcare Corp., No. 10-1242, 2011 WL 1162204 (E.D.Pa. Mar. 25, 2011). In Deeley, the plaintiff, a nursing supervisor, requested and had a meeting with his administrator and the director of nursing to verbally discuss his supervisors' alleged alterations to his time records. Id. at *2. Relying on Katsen, Judge O'Neill found that plaintiff's verbal complaint was sufficient to trigger the protections of the FLSA. Id. Accordingly, plaintiff's amendment would not be futile under the standard set forth in Katsen. Id.; see also Shakib v. Back Bay Restaurant Group, Inc., No. 10-4564, 2011 WL 4594654, at *7 (D.N.J. Sept. 30, 2011) (finding that, under Katsen, plaintiff's filing of an internal complaint constituted "protected activity" within the meaning of the FLSA).

Here, Plaintiff alleges that he complained orally to a supervisor or a company executive that he was misclassified by the company as a wage employee and "should be paid hourly for the work he was doing." (Compl. at ¶ 12). Defendant terminated Plaintiff's employment one week after Plaintiff complained to a supervisor or company executive. In light of the Supreme Court's

---

[4] Defendant insists on a narrow reading of the FLSA, explaining that the anti-retaliation provision applies only if an employee initiates proceedings with governmental authorities or a court. To support this position, Defendant cites Justice Scalia's dissent in Katsen, stating that "[t]he retaliation provision contemplates an official grievance filed with a court or an agency, not oral complaints – or even formal, written complaints – from an employee to an employer." 131 S.Ct at 1336. However, Justice Breyer, delivering the opinion of the court, explicitly found that the statutory term "filed any complaint" includes oral as well as written complaints. 131 S.Ct. at 1329. Therefore, Plaintiff's verbal complaint to his supervisor regarding his compensation constitutes a "protected activity" as defined by the FLSA.

holding in Katsen, and courts in this Circuit's interpretation of Katsen, Plaintiff has made a sufficient showing of the protected activity required by the first prong of the prima facie case of retaliation.

Second, Defendant asserts that the First Amended Complaint is futile because it fails to detail sufficient facts to show the third element of a prima facie retaliation case. In other words, Plaintiff has failed to establish a causal connection between the protected activity and Plaintiff's termination. (Def.'s Opp. Br. at 10). Specifically, Defendant argues that Plaintiff does not allege any facts to show "that the decisionmaker (i.e. the individual who made the decision to layoff Plaintiff) knew of Plaintiff's request to become an hourly employee." Id. Third Circuit case law focuses on two main factors in finding the causal link necessary for retaliation: timing and evidence of ongoing antagonism. Abramson v. William Paterson College of N.J., 260 F.3d 265, 288 (3d Cir. 2001) (citing Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000)). See Woodson v. Scott Paper Co., 109 F. 3d 913, 920-21(3d Cir. 1997) ("[T]emporal proximity . . . is sufficient to establish the causal link. . . . [A] plaintiff can [also] establish a link between his or her protected behavior and subsequent discharge if the employer engaged in a pattern of antagonism in the intervening period."). Both factors need not be met in order to prove causation. McQuilkin v. Delaware River Port Authority, No. 11-652, 2011 WL 5325620, at *6 (D.N.J. Nov. 3, 2011) ("Temporal proximity can be sufficient in itself to create an inference of a causal connection for the purposes of a prima facie case of retaliation."); Pailleret v. Jersey Construction, Inc., No. 09-1325, 2010 WL 143681, at *3 (D.N.J. Jan, 11, 2010) ("Plaintiff could rely on timing alone to show intent provided the timing was 'unusually suggestive.'").

Here, Plaintiff was laid off one week after complaining to a supervisor or company executive that he was misclassified by the company as a wage employee when he should have been paid an hourly wage for the work he was performing. The short time span between the oral complaint and Plaintiff's firing can be sufficient in itself to create an inference of a causal connection for the purposes of a prima facie case of retaliation. Drwal v. Borough of W. View, Pa., 617 F.Supp.2d 397, 422 (W.D.Pa. 2009) (finding that defendant's termination of plaintiff four days after plaintiff made an oral complaint to his employer "could give rise to an inference of retaliatory animus for purposes of establishing a prima facie case."). It remains to be seen whether Plaintiff can ultimately show that the person or persons who decided to terminate him and the person or persons to whom he complained are one and the same or were aware of the protected conduct. The Court can better determine whether Plaintiff's protected conduct was a substantial or motivating factor in Defendant's decision to terminate Plaintiff once the parties have had the opportunity to engage in additional discovery. Kachmar v. SunGard Data Systems, Inc., 109 F.3d 173, 178 (3d Cir. 1997) ("The element of causation, which necessarily involves an inquiry into the motives of an employer, is highly context-specific."). However, for the purposes of the instant motion, Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1960. Accordingly, the Court will allow Plaintiff to assert an individual claim for retaliation under the FLSA.

### III.  Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED. An appropriate order shall follow.

s/Cathy L. Waldor  
**Cathy L. Waldor, U.S.M.J.**